UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGGIE DUNNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:16-cv-00110-LSC-JHE |
| MOHAMMAD JENKINS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on January 30, 2017, recommending that the defendants' motion for summary judgment be granted. (Doc. 26). The plaintiff filed objections to the report and recommendation on February 13, 2017 (Doc. 27). Specifically, the plaintiff asserts that because the defendants do not dispute that the plaintiff was sprayed with chemical spray and taken to the ground, this demonstrates that he is entitled to relief. (*Id.*, at 1).

Under established law, not all uses of force against an inmate are unconstitutional. "Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (alteration omitted)). The Supreme Court has crafted

factors for a court to consider in making this determination, specifically a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.  *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). When considering these factors, a court must afford "a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009).  Moreover, the court must examine the facts as reasonably perceived by the prison official on the basis of the facts known to him at the time. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

      According to the plaintiff, because he asserted that the defendants hit him with batons after spraying him and taking him to the ground, he created a genuine issue of material fact. (Doc. 27 at 1).  However, as the magistrate judge found, the only documented injuries the plaintiff suffered were inconsistent with the plaintiff's version of events.  (Doc. 26 at 7).  Rather, the plaintiff had red eyes and three scratches on his upper right cheek.  (*Id*. at 5, citing doc. 19-3 at 1).  The magistrate judge also noted that the plaintiff did not contest the complete lack of any evidence which supported the claim he was beaten by batons.  (Doc. 26 at 5

n.6). Thus, the plaintiff introduced no "specific facts" to refute the lack of injuries from the alleged beating. *See Burke v. Bowns*, 653 Fed.App'x 683, 697 (11th Cir. 2016) (citing *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007)). *See also Howard v. Memnon*, 572 Fed.App'x 692, 694-95 (11th Cir. 2014) (holding that a plaintiff's claim of serious injury unsupported by any physical evidence, medical records, or witness testimony is insufficient to create a genuine issue of material fact).

As found in the report and recommendation, the undisputed facts established that upon the plaintiff's arrival at Donaldson Correctional Facility, he was told to continue moving toward intake. (Doc. 26 at 4 n.2). Rather than comply, the plaintiff stopped to talk with other inmates. (*Id.*). When defendant Gadson told the plaintiff to proceed, the plaintiff used profane language. (Doc. 24 at 2). Defendants Jenkins and Gadson then attempted to escort the plaintiff to intake but the plaintiff pulled away, at which point defendant Jenkins sprayed him. (Doc. 26 at 4 n.2).

"Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). Moreover, courts must give "broad deference" to prison officials acting to preserve discipline. *Pearson v. Taylor*, -- Fed.App'x--, 2016 WL 7367785 *4 (11th Cir. Dec. 20, 2016). Because the

plaintiff's failure to comply with the defendants' legitimate orders precipitated the use of force, the force used was not out of proportion to the threat created by the plaintiff. *See id.,* at *5 ("[a] short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders.") (citation omitted)). The plaintiff's abjections are therefore **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the defendants' motion for summary judgment (doc. 19) is due to be **GRANTED**, the court finding no genuine issues of material fact exist and the defendants are entitled to judgment in their favor as a matter of law. A final judgment will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 21, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704